UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ADELL COURTS,

                Plaintiff,              Case No. 1:12-cv-1352

v.                                            Honorable Janet T. Neff

WILLIE SMITH et al.,

                Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Smith, Trierweiler, Leonard, Thelie, Kiefer, Herald, Miller, Krick and Koenigsknecht. The Court will serve the complaint against Defendants Holmes, Filsinger, Over and McKenna.

**Discussion**

I.      Factual allegations

Plaintiff Adell Courts presently is incarcerated with the Michigan Department of Corrections (MDOC) at the Muskegon Correctional Facility, though the actions about which he complains occurred while he was housed at the Carson City Correctional Facility (DRF). He sues the following DRF employees: Warden Willie Smith; Deputy Warden Tony Trierweiler; Plant Superintendent Stan Leonard; Maintenance Supervisors L. Thelie, Gary Kiefer and Fred Herald; Resident Unit Manager Cheryl Miller; Assistant Deputy Warden Laura Krick; Administrative Assistant J. Koenigsknecht; Dr. Scott Holmes; Physician Assistants Kent D. Filsinger and George R. Over; and Health Unit Manager E. McKenna.

On March 3, 2012, Plaintiff entered the bathroom of DRF housing unit 900. He was unaware that a faulty drainage structure within the wall had caused a puddle of water to form on the floor. No danger sign had been posted. Plaintiff slipped on the wet floor and fell, causing him to hit his head. He was rendered unconscious and had injuries to his head, lower back and ankle. Plaintiff was escorted to the Carson City Hospital emergency room, where he was examined and subsequently returned to the facility. Upon his return Officer Akins explained to Plaintiff what had happened and told him that, when it rained, the drainage system routinely caused water to infiltrate the bathroom and living quarters.

Plaintiff filed a complaint with Defendant Trierweiler about the leaking of contaminated water into the unit. Trierweiler told Plaintiff that a drainage system had been placed in the area and that walls had been sealed and cracks mended. Nevertheless, water continues to accumulate in the bathroom and living quarters. Trierweiler apologized to Plaintiff for his accident.

Defendant Leonard also admitted to Plaintiff that the leaking wall had continued to be a problem for years and had been noted by prior maintenance supervisors Teft and Defendant Kiefer.

Plaintiff contends that Defendants Smith, Trierweiler, Leonard, Thelie, Kiefer, Herald, Miller, Krick and Koenigsknecht knew or should have known about the problem, but failed to take adequate actions to cure it, resulting in Plaintiff's ongoing exposure to hazardous and unsanitary conditions. According to Plaintiff, Defendants' inaction amounted to deliberate indifference to Plaintiff's safety and future health and a failure to uphold their legal duties. Plaintiff also alleges that Defendant Koenigsknecht rejected his grievance and failed to respond to the allegation of risk.

Plaintiff alleges that MDOC Director Heyns, Grievance Specialist Sean Lockhart, and Grievance Manager Richard Russell rejected his grievances and failed to ensure that Plaintiff's living conditions were safe. None of the MDOC officials has been named as a Defendant.

Plaintiff next complains that Defendants Holmes, Filsinger, Over and McKenna were aware of Plaintiff's injuries and need for medical treatment and had a duty to avoid future risks of harm to Plaintiff. On July 2, 2012, Plaintiff filed a grievance against Holmes, Filsinger, Over and McKenna for failing to adequately treat his pain. Plaintiff alleges that the Defendants were deliberately indifferent to his medical needs. He also asserts that, soon after Plaintiff filed his grievance, Defendants Holmes, Filsinger, Over and McKenna told him that, because he had chosen to complain, they could not do anything to help him or treat his pain and injuries. Plaintiff alleges that Defendants' failure to provide adequate medical treatment both violated the Eighth and Fourteenth Amendments and amounted to retaliation based on his exercise of his First Amendment

right to file a grievance. Plaintiff also alleges that Defendants' collective actions amounted to gross negligence.

Plaintiff seeks declaratory and injunctive relief, together with compensatory and punitive damages.

II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility

standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Eighth Amendment[1]

#### 1. Drainage Problems

Plaintiff contends that Defendants Smith, Trierweiler, Leonard, Thelie, Kiefer, Herald, Miller, Krick and Koenigsknecht violated his Eighth Amendment rights by their deliberate indifference to ongoing hazardous and unsanitary conditions caused by water leaks. He also alleges that Defendant medical providers Holmes, Filsinger, Over and McKenna failed to protect him from possible future health hazards by failing to take action to ensure that the water leakage was corrected.

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The

---

[1] Plaintiff argues that his conditions-of-confinement claims are governed by the Due Process Clause. While the Due Process Clause governs conditions of incarceration after arraignment and prior to conviction, *see Aldini v. Johnson*, 609 F.3d 858 (6th Cir. 2010); *Thompson v. County of Medina, Ohio*, 29 F.3d 238, 242 (6th Cir. 1994), the Eighth Amendment governs the conditions of confinement for post-conviction inmates, *see Barber v. City of Salem, Ohio*, 953 F.2d 232, 235 (6th Cir. 1992). Plaintiff is a prisoner serving several life sentences following convictions for first-degree murder and armed robbery. His conditions of confinement therefore are governed by the Eighth Amendment.

Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims)).

Here, Plaintiff alleges that Defendants were deliberately indifferent to his health and safety because they were aware or should have been aware of a structural problem that caused leakage, but they failed to correct the leakage problems. Although Plaintiff uses the label of "deliberate indifference," his allegations fail to support such a claim.

A claim of deliberate indifference has an objective and a subjective component. *Farmer*, 511 U.S. at 834. To satisfy the objective component, the plaintiff must allege that the risk to the prisoner is sufficiently serious. *Id.* In other words, the inmate must show that he is

incarcerated under conditions posing a substantial risk of serious harm. *Id.* The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind" in failing to address the serious risk. *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. The deliberate indifference standard "describes a state of mind more blameworthy than negligence." *Id.* at 835; *see also Whitley v. Albers*, 475 U.S. 312, 319 (1986) ("conduct that does not purport to be punishment at all must involve more than the ordinary lack of due care for the prisoner's interests or safety"). As the Supreme Court explained:

> The Eighth Amendment does not outlaw cruel and unusual "conditions"; it outlaws cruel and unusual "punishments." An act or omission unaccompanied by knowledge of a significant risk of harm might well be something society wishes to discourage, and if harm does result society might well wish to assure compensation. The common law reflects such concerns when it imposes tort liability on a purely objective basis. But an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

*Farmer*, 511 U.S. at 837-38 (citations omitted). Thus, accidents, mistakes, and other types of negligence are not constitutional violations merely because the victim is a prisoner. *Acord v. Brown*, No. 93-2083, 1994 WL 679365, at *2 (6th Cir. Dec. 5, 1994) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Rather, what is required is a conscious disregard of a substantial risk of harm. *Farmer*, 511 U.S. at 839.

Plaintiff's allegations fall short of demonstrating either prong of the deliberate-indifference test. First, while Plaintiff alleges that water frequently leaks into the bathroom and other areas of the housing unit when there is a heavy rain, such allegations cannot demonstrate a sufficiently serious risk of harm to Plaintiff or other prisoners. Prisoners are aware of the possibility of standing water and have the opportunity to exercise appropriate caution and to anticipate such problems during a storm. Under the objective component of the test, while some risk to Plaintiff may exist, it is not sufficiently likely to rise to the level of a substantial risk of serious harm that would be obvious to a Defendant. The mere fact that Plaintiff had an accidental fall as a result of the leak does not make the objective risk sufficiently substantial to meet the objective component. *See Dowell v. Corr. Corp. of Am.*, 22 F. App'x 610 (6th Cir. 2001) (affirming dismissal of complaint alleging that prisoner was kept in a cell with standing water, despite the prisoner's prior complaints about the condition); *see also Noble v. Grimes*, 350 F. App'x 892, 893 (9th Cir. 2009) (dismissing claim that injury from slip and fall on standing water was the result of deliberate indifference, despite allegation that defendants had repeatedly been warned about the dangers of water in the shower area); *Reynolds v. Powell*, 370 F.3d 1028, 1032 (10th Cir. 2004) (holding that the fact that officers were aware of a standing-water problem weeks in advance of a prisoner's fall was not sufficient to elevate a state tort claim to a constitutional claim).

In addition, Plaintiff fails to show that any Defendant had a sufficiently culpable state of mind to meet the subjective component of the test. Plaintiff alleges no fact supporting his conclusion that any Defendant was indifferent to any risk posed to Plaintiff. Indeed, by Plaintiff's own admissions, Defendants have taken numerous steps to address the water problem, even if those

steps did not fully correct the problem. Plaintiff's allegations suggest nothing more than possible negligence by one or more individuals.

Further, to the extent that Plaintiff alleges that certain Defendants were responsibile for the acts of their subordinates or failed to adequately address Plaintiff's grievances, Plaintiff fails to state a claim. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. For all these reasons, Plaintiff fails to state an Eighth Amendment claim against Defendants Smith, Trierweiler, Leonard, Thelie, Kiefer, Herald, Miller, Krick and Koenigsknecht. He also fails to state an Eighth Amendment claim based on the water leakage against Defendants Holmes, Filsinger, Over and McKenna.

2. Medical Treatment

Plaintiff alleges that Defendants Holmes, Filsinger, Over and McKenna failed to treat his injuries and pain, including his back problems, headaches and sensitivity to light. The Court concludes that Plaintiff has alleged sufficient facts to warrant service of this component of his Eighth Amendment claim against these Defendants.

**B. Retaliation**

Plaintiff alleges that Defendants Holmes, Filsinger, Over and McKenna told him that they would do nothing to treat his injuries because he had filed a grievance against them. Plaintiff's allegations are sufficient to warrant service of the retaliation claim against Defendants Holmes, Filsinger, Over and McKenna.

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Smith, Trierweiler, Leonard, Thelie, Kiefer, Herald, Miller, Krick and Koenigsknecht will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendants Holmes, Filsinger, Over and McKenna.

An Order consistent with this Opinion will be entered.

Dated: January 16, 2013          /s/ Janet T. Neff
                                 Janet T. Neff
                                 United States District Judge