UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADELL COURTS,

    Plaintiff,                                  Case No. 1:12-cv-1352

v                                                      HON. JANET T. NEFF

WILLIE SMITH et al.,

    Defendants.
_____/

**OPINION AND ORDER**

        This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983, involving Plaintiff's claims for denial of medical treatment in violation of the Eighth Amendment and retaliation in violation of the First Amendment.  Defendants filed individual motions for summary judgment arguing that Plaintiff failed to exhaust his administrative remedies.  The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R), recommending that this Court grant Defendants' motions with respect to Plaintiff's First Amendment claim but deny the motions with respect to his Eighth Amendment claim.  The matter is presently before the Court on Plaintiff's and Defendants' objections to the Report and Recommendation.  In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made.  The Court denies the objections and issues this Opinion and Order.

**I. Defendants' Objection**

        Defendants argue that the Magistrate Judge erred in concluding that Plaintiff exhausted his

administrative remedies by merely "wait[ing] longer than the relevant policy requires to receive a response" before proceeding to the "next step in the process" (Def. Obj., Dkt 37 at 2; R & R, Dkt 33 at 9).[1] The Court disagrees.

Michigan Department of Corrections Policy Directive 03.02.130 ¶ S provides that "[t]he total grievance process from the point of filing a Step I grievance to providing a Step III response shall generally be completed within 120 calendar days unless an extension has been approved in writing by the Grievance Coordinator at Step 1 and/or Step II" (Dkt 20-2 at 5). The Magistrate Judge noted that "[b]y November 11, 2012, … 129 calendar days had passed since Plaintiff filed his Step I grievance and 125 days had passed since MDOC officials received Plaintiff's Step I grievance" (R & R at 9). The Magistrate Judge concluded that "[p]ursuant to MDOC policy, therefore, as of November 11, 2012, Plaintiff had pursued all available administrative remedies and had waited longer than the relevant policy requires to receive a response" (*id.*). Further, "[p]ursuant to MDOC policy, if staff fails to respond to a grievance, the prisoner may proceed to the next step in the process," which is "exactly what Plaintiff did in this instance" (*id.*). Accordingly, contrary to Defendants' argument, Plaintiff did not file this civil action before completing the available administrative processes (*id.* at 8).

Defendants agree the relevant policy directive indicates the "'grievance process shall **generally** be completed within 120 calendar days'" (Def. Obj. at 2) (quoting Dkt 20-2 at 5, ¶ S, emphasis added). Defendants assert, however, that "[w]hile the MDOC certainly strives to complete the grievance process within a general timeframe of 120 days, policy simply does not provide that

---

[1] The operative objections for this Opinion and Order were filed by the "MDOC Defendant" (Dkt 37); the "Medical Defendants" joined the MDOC Defendant's objections to the Report and Recommendation (Dkt 39). Both objections are considered together in this Opinion and Order.

the failure to adhere to this general timeframe equates with the completion of the grievance process" (Def. Obj. at 2-3). Defendants further assert that "a givable [sic, grievable] issue must be pursued through all three steps of the grievance process" to be exhausted (*id.* at 3). Because Plaintiff was informed that his Step III grievance was being processed, Defendants argue that "Plaintiff simply refused to await the decision," and he therefore failed to exhaust (*id.*). This argument is unpersuasive.

The Magistrate Judge aptly reasoned that the MDOC's failure to comply with their self-imposed 120 guideline "cannot now be employed as the basis for the dismissal of Plaintiff's action" (R & R, Dkt 33 at 9). The policy directive contains language indicative of a quasi-mandatory grievance process. Paragraph S states that the grievance process "shall generally" be completed within 120 days, unless an extension has been granted (Dkt 20-2 at 5, ¶ S). This language is followed by ¶ T, which states that a grievant may proceed to the next step in the grievance process if his grievance "has not been responded to by staff within *required* time frames …" (*id.* at ¶ T). Paragraphs S and T create guidelines that the MDOC and prisoners are similarly obligated to follow. The MDOC may not use the policy directive as both a sword and shield at its choosing, i.e., requiring prisoners to strictly comply,[2] while holding the MDOC to a lower standard.

Furthermore, the Magistrate Judge's concern with Defendants' logic is well-taken. If the MDOC were allowed to avoid its 120-day time frame, "MDOC officials could through subterfuge easily obtain the dismissal of *every* lawsuit filed by a prisoner" by ignoring the Step III grievance until the expiration of the 120 days, and once a plaintiff files suit, issue a Step III response and seek

---

[2] Paragraph B of the policy directive provides that a grievance only serves to exhaust a prisoner's claims when "filed as a grievance through all three steps of the grievance process in compliance with this policy" (Dkt 20-2 at 2, ¶ B).

3

dismissal of the lawsuit because it was filed before the inmate completed the administrative process (R & R, Dkt 33 at 9-10). As the Magistrate Judge noted, Defendants have provided no authority to support such an illogical interpretation. Defendants' objection is denied.

## II. Plaintiff's Objection

Plaintiff argues that the Magistrate Judge erred in concluding "that while [grievance DRF 12-07-1550-12d1] serves to exhaust Plaintiff's Eighth Amendment denial of medical treatment claims, this particular grievance makes no mention of Plaintiff's allegations of retaliation" (R & R at 10).

Plaintiff asserts that "the Magistrate Judge failed to identify the Plaintiff did in fact 'mention[] . . . allegations of retaliation' in his grievance" (Pl. Obj., Dkt 36 at 2). Plaintiff argues his grievance "clearly asserted the Defendants violated his 'First, Eighth And Fourteenth Amendment rights'" (*id.*). Plaintiff contends he "is only required to provide the MDOC's officials with a notice of his claim, i.e., that they violated his First Amendment rights …" (*id.*). Plaintiff's objection is without merit.

The Magistrate Judge observed that Plaintiff's grievance "makes no mention of Plaintiff's allegations of retaliation" (R & R at 10). Plaintiff objects to that conclusion by asserting that the Magistrate Judge overlooked his statement in grievance DRF 12-07-1550-12d1, which mentions a First Amendment violation. However, Plaintiff's grievance fails to specifically mention a First Amendment *retaliation* claim. Myriad claims are cognizable under the First Amendment. The Magistrate Judge properly concluded that Plaintiff failed to exhaust his retaliation claims. This objection is denied.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007).

Therefore:

**IT IS HEREBY ORDERED** that Defendants' Objections (Dkts 37, 39) are DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's Objection (Dkt 35) is DENIED, and the Report and Recommendation (Dkt 33) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant McKenna's Motion for Summary Judgment Based Solely on a Failure to Exhaust Administrative Remedies (Dkt 19) is GRANTED IN PART AND DENIED IN PART; Defendants Holmes and Filsinger's Motion for Summary Judgment for Plaintiff's Failure to Exhaust Administrative Remedies (Dkt 22) is GRANTED IN PART AND DENIED IN PART; and Defendant Over's Motion for Summary Judgment for Plaintiff's Failure to Exhaust Administrative Remedies (Dkt 30) is GRANTED IN PART AND DENIED IN PART. Specifically, Plaintiff's First Amendment retaliation claims against Defendants Holmes, Filsinger, Over, and McKenna are DISMISSED for failure to exhaust administrative remedies, but Plaintiff's Eighth Amendment denial of medical treatment claims against Defendants Holmes, Filsinger, Over, and McKenna shall go forward.

Dated: November 14, 2013       /s/ Janet T. Neff
                               JANET T. NEFF
                               United States District Judge