UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADELL COURTS,

        Plaintiffs,                      Hon. Janet T. Neff

v.                                              Case No. 1:12-CV-1352

SCOTT HOLMES, et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Injunctive Relief. (Dkt. # 41). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **denied**.

Plaintiff initiated this action on December 12, 2012, against several individuals alleging numerous causes of action including that he was subjected to unlawful retaliation. Plaintiff now alleges that he has been subject to further retaliation since initiating this action. Plaintiff requests that the Court order the Michigan Department of Corrections "to avoid any future retaliation" for having initiated the present action. While not expressly stated, Plaintiff appears to be seeking some form of injunctive relief.

Injunctive relief is "an extraordinary remedy which should be granted only if. . .the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). To obtain injunctive relief, Plaintiff must first show that he "is being threatened by some injury for which he has no adequate legal remedy." *Dana Corp. v. Celotex Asbestos Settlement Trust*, 251 F.3d 1107, 1118 (6th Cir. 2001) (citations omitted). If such is the case, the court must then examine several factors: (1) whether the movant is likely to prevail on the merits, (2) whether the movant

would suffer irreparable injury if the court does not grant the injunction, (3) whether a preliminary injunction would cause substantial harm to others, and (4) whether a preliminary injunction would be in the public interest. *See Samuel v. Herrick Memorial Hospital*, 201 F.3d 830, 833 (6th Cir. 2000).

Rather than prerequisites which must each be satisfied, the relevant factors, none of which are dispositive, are competing considerations to be weighed and balanced. *See Six Clinics Holding Corp., II v. Cafcomp Systems, Inc.*, 119 F.3d 393, 400 (6th Cir. 1997); *Michigan Bell Telephone Co. v. MFS Intelenet of Michigan, Inc.*, 16 F.Supp.2d 828, 831 (W.D.Mich. 1998). Ultimately, the decision whether to grant injunctive relief lies within the court's discretion. *See Dana Corp.*, 251 F.3d at 1118 (the "most significant single component" in the decision whether to grant injunctive relief "is the court's discretion") (citations omitted).

Plaintiff has failed to demonstrate that the various allegations of retaliation asserted in the present motion have any merit. Plaintiff has also failed to establish that he would suffer irreparable injury in the absence of injunctive relief. Finally, the Court finds that the public interest would not be served by judicial interference in the day-to-day operations of a correctional facility in the absence of evidence supporting such. Accordingly, the undersigned recommends that Plaintiff's motion be **denied**.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff's Motion for Injunctive Relief, (Dkt. # 41), be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: February 13, 2014

/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge