UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADELL COURTS,

    Plaintiff,                                  Case No. 1:12-cv-1352

v                                                HON. JANET T. NEFF

WILLIE SMITH et al.,

    Defendants.
_____/

**OPINION AND ORDER**

      This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983, involving Plaintiff's claims for denial of medical treatment in violation of the Eighth Amendment and retaliation in violation of the First Amendment. Plaintiff filed an Affidavit (Dkt 41), in which he requested that the Court order the Michigan Department of Corrections "to avoid any future retaliation" for having initiated the present action. The Court construed the request as a motion for injunctive relief. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R) (Dkt 49), recommending that this Court deny the motion. The matter is presently before the Court on Plaintiff's objection to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objection has been made. The Court denies the objection and issues this Opinion and Order.

      Noting that injunctive relief is an "extraordinary remedy," the Magistrate Judge found that Plaintiff had failed to demonstrate that the applicable factors warranted relief. Plaintiff failed to

show that the various allegations of retaliation asserted in the motion have any merit or that he would suffer irreparable injury in the absence of injunctive relief. The Court further found that the public interest would not be served by judicial interference in the day-to-day operations of a correctional facility in the absence of evidence supporting such. (R & R at 1-2.)

Plaintiff argues that he has already suffered injury where the "respondents" have seized his legal materials and have utilized transfer pack-ups to facilitate the seizure and loss of legal materials relevant to this action. Plaintiff asserts that he has been denied access to the law library, placing judicial deadlines in jeopardy; he has suffered a back and head injury due to medical treatment being withheld; and that his medical needs resulted from the respondents' inactions and failure to repair a dangerous living condition, i.e., the sewer pipes back up without warning, causing slippery floors, and no signs were posted.

Plaintiff's objection demonstrates no error in the Magistrate Judge's analysis or conclusion on the issue of injunctive relief. Plaintiff merely expands on his complaints for relief in this action. He does not address or demonstrate his entitlement to injunctive relief under the applicable legal standards. His objection is therefore denied.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007).

Therefore:

**IT IS HEREBY ORDERED** that Plaintiff's Objection (Dkt 52) is DENIED, and the Report and Recommendation (Dkt 49) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's motion for injunctive relief (Dkt 41) is DENIED.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal of the decision would not be taken in good faith.


Dated: September 19 , 2014                   /s/ Janet T. Neff
                                             JANET T. NEFF
                                             United States District Judge