UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADELL COURTS,

        Plaintiff,                                        Hon. Janet T. Neff

v.                                                      Case No. 1:12 CV 1352

WILLIE SMITH, et al.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

        This action was initiated on December 12, 2012, against numerous prison officials. (Dkt. #1). Plaintiff alleges that he slipped and fell on a wet bathroom floor injuring his head, back, and ankle. Plaintiff received medical treatment at a nearby hospital, but was denied adequate medical treatment following his return to prison. Plaintiff has asserted numerous claims in this matter; however, the only claims remaining at this juncture are that, following Plaintiff's discharge from the hospital, Defendants Holmes, Filsinger, Over, and McKenna failed to provide Plaintiff with adequate medical treatment. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's remaining claims be **dismissed** and this matter **terminated**.

        Because Plaintiff is proceeding as a pauper, his claims are subject to dismissal if such are frivolous, malicious, or fail to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2) ("the court shall dismiss the case at any time if the court determines that. . .the action or appeal. . .fails to state a claim on which relief may be granted"). To avoid dismissal for failure to state a claim, Plaintiff must allege in his complaint *facts* sufficient to "give the defendant fair notice of what

the. . .claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must likewise articulate facts sufficient to allege a "plausible claim for relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

The only reference in Plaintiff's complaint to Defendants Holmes, Filsinger, Over, or McKenna, other than simply identifying them as defendants, is an allegation that on July 2, 2012, Plaintiff filed a grievance against these defendants. (Dkt. #1, Page ID#18 at ¶ 27). Plaintiff does not, however, articulate in his complaint any factual allegations of wrongdoing against these defendants. Even if the Court interprets Plaintiff's complaint as incorporating by reference the grievance in question the result is the same. In the subject grievance, Plaintiff does not assert any factual allegations against

Defendant Holmes, Filsinger, Over, or McKenna, but instead merely asserts the legal conclusion that Defendants "have been acting with deliberate indifference to my serious medical needs." (Dkt. #1, Page ID#231). In sum, Plaintiff has failed to allege in his complaint, or the grievance referenced therein, facts which, if proven, would entitle him to relief against Defendant Holmes, Filsinger, Over, or McKenna. Accordingly, the undersigned recommends that Plaintiff's remaining claims be dismissed for failure to state a claim upon which relief may be granted.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff's remaining claims asserted against Defendants Holmes, Filsinger, Over, and McKenna be dismissed for failure to state a claim upon which relief may be granted. The undersigned further recommends that appeal of this matter would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date:  December 8, 2014                                            /s/ Ellen S. Carmody
                                                                                     ELLEN S. CARMODY
                                                                                     United States Magistrate Judge