UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADELL COURTS #157672,

    Plaintiff,                                  Case No. 1:12-cv-1352

v                                            HON. JANET T. NEFF

WILLIE SMITH, et al.,

    Defendant.
_____/

**OPINION AND ORDER**

        Plaintiff filed this multi-claim prisoner civil rights action on December 12, 2012, pursuant to 42 U.S.C. § 1983, against thirteen Michigan Department of Corrections (MDOC) Defendants after he was injured when he slipped on standing water from a faulty drainage structure at the Carson City Correctional Facility. Plaintiff fell and hit his head, was rendered unconscious, and was treated at a nearby hospital. In a series of decisions (*see* Dkts 6, 42, 69), all claims were dismissed except Plaintiff's Eighth Amendment claim that four Defendants[1] acted with deliberate indifference to Plaintiff's medical needs following his discharge from the hospital. Upon review of these remaining claims, the Magistrate Judge issued a Report and Recommendation, recommending that this Court dismiss Plaintiff's claims for failure to state a claim on which relief can be granted (Dkt 70). The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de

---

[1] The remaining Defendants are Scott Holmes, MD; Kent D. Filsinger, PA; George R. Over, PA; and E. McKenna, Health Unit Manager.

novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

## I. Objections

Plaintiff sets forth three objections to the Report and Recommendation: (1) the Magistrate Judge's *sua sponte* decision prematurely dismisses his claim without first considering the pending motions for summary judgment filed by Defendants; (2) Plaintiff's *pro se* complaint should be liberally construed, and because it presents a potentially cognizable claim, he should have an opportunity to particularize the claim; and (3) Plaintiff has provided factual assertions sufficient to establish his claims. Plaintiff's objections are without merit.

### A. The Magistrate Judge Prematurely Dismissed Plaintiff's Claim (Objection 1)

Plaintiff contends that a recommendation or decision on Defendants' pending motions for summary judgment should issue "before any form of dismissal is entertained" (Dkt 71 at 1). However, the Magistrate Judge correctly noted that since Plaintiff is proceeding as a pauper, under 28 U.S.C. § 1915(e)(2), "the court shall dismiss the case *at any time* if the court determines that … the action or appeal … fails to state a claim on which relief may be granted" (emphasis added). Accordingly, it is proper for the Magistrate Judge to recommend dismissal of Plaintiff's claim before making any recommendation on the pending motions for summary judgment. *See Crawford-El v. Britton*, 523 U.S. 574, 600 (1998); *Thomas v. Pleasant*, 28 F. App'x 436, 437 (6th Cir. 2002) (holding that *in forma pauperis* statute permits a district court to dismiss a suit at any time without prior notice).

### B. Plaintiff Stated a Potential Claim (Objections 2 and 3)

Plaintiff contends that his *pro se* complaint should be liberally construed, and because it

states a "potentially cognizable claim," he should have an opportunity to particularize the claim. Plaintiff further contends that he provided factual assertions sufficient to establish his claim.

Contrary to Plaintiff's contentions, the Magistrate Judge considered both Plaintiff's complaint and his prisoner grievance and properly determined that Plaintiff failed to state a *plausible* claim for relief under the applicable legal standards (Dkt 70 at 2-3, emphasis added). "This plausibility standard 'is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully'" (*id.* at 2, citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

In his complaint and grievance, Plaintiff set forth nothing more than conclusory statements that Defendants acted with deliberate indifference to his medical needs (*see,* e.g., Compl. ¶¶ 14-16, 27, 29-30). Plaintiff points to no facts that were disregarded that would make out a claim of deliberate indifference by Defendants. Even though this claim was permitted to go forward on initial screening while other claims were evaluated and dismissed, nothing precludes the Court from subsequently reviewing this claim for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2). This objection is denied.

## II.  Letters to the Court

Shortly after filing his objection, Plaintiff submitted virtually identical letters to both the Magistrate Judge and the undersigned, which were docketed as supplements to his objection (Dkts 74, 75). Plaintiff states that as a result of filing this complaint and prison grievances, numerous prison staff members have retaliated against him and punished him in various ways, including transferring him to a facility farther away from his family; disrespecting, harassing and bullying him; and sanctioning him. He also states he is having problems getting to the prison law library, and

asks if the Court can evaluate his legal issues, as well as stop unlawful MDOC cronyism and bullying. Such narrative letter requests do not provide a proper basis for relief, particularly with respect to the deliberate indifference claims remaining before this Court. Moreover, such allegations were previously addressed in this case and the Court denied relief (*see* Dkt 69, denying injunctive relief for future retaliation).

### III. Conclusion

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. A Judgment will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58. Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007).

Therefore:

**IT IS HEREBY ORDERED** that the Objections (Dkt 71) are DENIED and the Report and Recommendation (Dkt 70) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motions for Summary Judgment (Dkts 56, 60) are DENIED as moot.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal of the decision would not be taken in good faith.

Dated: March 13, 2015                                              /s/ Janet T. Neff
                                                                   JANET T. NEFF
                                                                   United States District Judge